IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:11-cv-3104-N (BF) |
| | § | |
| RESTAURANT & TAQUERIA CRISTINA, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff J & J Sports Productions, Inc. has filed a Motion for Summary Judgment in this anti-piracy case brought under the Federal Communications Act of 1934, as amended (the "FCA"), 47 U.S.C. § 521, *et seq*. Defendants Restaurant & Tacqueria Cristina, Cristina Lopez, and Jose Lopez have filed a motion to withdraw certain deemed admissions and a cross-motion for summary judgment. For the following reasons, the District Court should grant Plaintiff's motion and deny Defendants' motions.

**BACKGROUND**

Plaintiff is in the business of marketing and licensing commercial exhibitions of pay-per-view prizefight events. Plf. MSJ App. at 5, ¶ 4. Defendant Restaurant & Taqueria Cristina n/k/a Cristina Restaurant, LLC is a Texas limited liability company doing business as Restaurant & Taqueria Cristina in Dallas (the "Restaurant"). Plf. Compl. at 2, ¶ 2; Def. Ans. at 2, ¶ 2. Defendants Cristina Lopez and Jose Lopez are co-owners of the Restaurant. Def. Ans. at 2, ¶¶ 3-4.

1

Plaintiff possessed the exclusive right to exhibit the closed-circuit telecast of the November 14, 2009 "Firepower": Manny Pacquiao v. Miguel Cotto, Welterweight Championship Fight Program, including undercard and preliminary bouts (the "Program"), to commercial establishments. Plf. MSJ App. at 5-6, ¶¶ 4-5 & Exh. A-1. Plaintiff made the Program legally available in Texas only through an agreement which required the establishment to pay a sublicense fee based on its occupancy capacity. *Id*. at 5-6, ¶¶ 6, 8 & Exh. A-3. Defendants did not enter an agreement with Plaintiff to exhibit the Program, but intercepted Plaintiff's transmission and, without Plaintiff's permission, broadcast the Program at the Restaurant on two televisions to approximately 50 customers. *See id.* at 6, ¶ 9. By this lawsuit, Plaintiff alleges that Defendants' unauthorized broadcast of the Program violates Sections 553 and 605 of the FCA.

On August 1, 2012, Plaintiff served each Defendant with separate requests for admissions by certified mail. *Id.*, Exh. C at 47. When none of the Defendants responded to the requests, Plaintiff filed the instant motion for summary judgment on grounds that each matter for which an admission was sought is deemed admitted by operation of law. Defendants filed a response and cross motion for summary judgment, as well as a motion to withdraw the deemed admissions. The issues have been fully briefed by the parties, and the motions are ripe for determination.

## LEGAL STANDARDS AND ANALYSIS

### Deemed Admissions

Federal Rule of Civil Procedure 36 allows a party to request from any other party admissions to a broad range of factual matters, including the application of law to fact. Fed. R. Civ. P. 36(a)(1); *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). Under the rule, a party served with a request for admission has 30 days to answer or object to the request. Fed. R. Civ. P. 36(a)(3). If a party fails

to timely respond, the matter is deemed admitted and is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). If the request for admission concerns an essential issue, the failure to respond to the request can result in a grant of summary judgment against the non-responding party. *See Carney*, 258 F.3d at 420 n.6 (collecting cases that grant summary judgment on basis of deemed admissions). In this case, Plaintiff served each Defendant with separate requests for admissions, and Defendants failed to answer or make any objections to the requests. The matters to which the requests are directed are thus deemed admitted as a matter of law. *In re Carney*, 258 F.3d at 420.

A deemed admission can be withdrawn only by motion in accordance with Rule 36(b), which requires the Court to find that the withdrawal (1) would serve the presentation of the case on its merits and (2) would not prejudice the party that obtained the admission in its presentation of the case. *Id.* at 419; Fed. R. Civ. P. 36(b). Even when these two factors are established, however, the Court still has discretion to deny a request for leave to withdraw an admission. *Id.* By their Motion to Undeem Deemed Admissions, Defendants argue that withdrawing the deemed admissions would serve the presentation of this case on its merits because the deemed facts are "quite obviously untrue" and prevent the Court from considering their defense that Plaintiff's claims are barred by the terms of a settlement agreement in certain earlier litigation between the parties. *See* Def. Mot. at 3-4, ¶¶ 3-6. The Court disagrees. To establish liability under the FCA, Plaintiff need only establish that the Program at issue was shown in Defendants' Restaurant without Plaintiff's authorization. *See J&J Sports Productions, Inc. v. Mandell Family Ventures, LLC*, No. 3:10-CV-2489-BF, 2012 WL 4757694, at * 4 (N.D. Tex. Oct. 5, 2012). None of the deemed facts specifically identified by Defendants as "untrue" bear on these limited issues. Defendants do not deny that they exhibited the

Program, nor do they claim Plaintiff authorized them to exhibit the Program. Defendants have not adduced any evidence in response to Plaintiff's motion for summary judgment that would create a genuine question with respect to any material fact relevant to their liability under the FCA.

Further, the deemed admissions do not prevent the Court from considering any defense based on the alleged terms of the purported settlement agreement. Instead, the Court is prevented from considering such a defense because Defendants failed to provide a copy of the agreement for the Court to review and analyze. Allowing Defendants to withdraw the deemed admissions would not cure their complete failure to support their asserted defense with competent summary judgment evidence. The Court thus denies Defendants' request to withdraw the deemed admissions because they cannot satisfy the first requirement of Rule 36(b) and show that withdrawal of the deemed admissions would serve the presentation of the case on its merits.

### Summary Judgment

Summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Only disputes about material facts will preclude the court's granting summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The burden is on the movant to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). If the nonmovant bears the burden of proof at trial, the summary judgment movant need not support its motion with evidence negating the nonmovant's case. Rather, the movant may satisfy its burden by pointing to the absence of evidence to support the nonmovant's case. *Little*, 37 F.3d at 1075. Once the movant meets its burden, the nonmovant must show that summary judgment is not appropriate. *Id.* (citing *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "[A properly supported summary judgment motion] requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324; *see also* Fed. R. Civ. P. 56(e). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' ... by 'conclusory allegations,' ... by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, (1986)). To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the nonmovant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the nonmovant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000); *Anderson*, 477 U.S. at 248.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports its claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary

judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n. 7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

Evidence on summary judgment may be considered to the extent that it is not based on hearsay or other information that is not admissible at trial. *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995); *see* Fed. R. Civ. P. 56(e) ("affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence..."). This Court will consider only competent summary judgment evidence in considering whether J & J Sports is entitled to summary judgment.

### Defendants' Liability under the FCA

The FCA is a strict liability statute that imposes serious penalties on those who intercept, receive and/or broadcast protected communications. *See Mandell Family Ventures*, 2012 WL 4757694, at *3. Section 605(a) prohibits "intercept[ing] any radio communication and divulg[ing] or publish[ing] the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person" without authorization "by the sender ...." 47 U.S.C. § 605(a). The references to "any radio communication" include any transmission of "satellite cable programming," where the programming is encrypted and "an agent or agents have been lawfully designated for the purpose of authorizing private viewing by individuals ...." *Id.* § 605(b). Section 553(a) similarly prohibits "intercepting or receiving any communications service offered over a cable system, unless

6

specifically authorized to do so by a cable operator ...." *Id*. § 553(a). The FCA creates a cause of action for "[a]ny person aggrieved by any violation" of either of these provisions, including the exclusive licensees associated with intercepted telecasts. *See id.* §§ 553(c)(1), 605(e)(3)(A).

To establish liability under either Section 553 or 605 of the FCA, Plaintiff must prove: (1) that the Program was shown in Defendants' Restaurant and (2) Plaintiff did not authorize such exhibition of the Program. *Mandell Family Ventures*, 2012 WL 4757694, at *4; *Joe Hand Promotions, Inc. v. Lee*, No. H-11-2904, 2012 WL 1909348, at *3 (S.D. Tex. May 24, 2012). In this case, Defendants have admitted that they exhibited the Program at their Restaurant on November 14, 2009 and that they did so without authorization from Plaintiff. *See* Plf. MSJ App. at 50-52, Req. for Adm. No. 1-8, 12; *id.* at 72-74 & 79, Req. for Adm. No. 1-8, 12, 49; *id.* at 94-96 & 101, Req. for Adm. No. 1-8, 12, 49. Further, Plaintiff has adduced uncontroverted evidence in the form of an affidavit by Plaintiff's auditor Scott Boroson that he visited the Restaurant on November 14, 2009 and personally observed the exhibition of the Program. *Id.* at 19. According to Boroson, the Program was broadcast on two television screens to approximately 50 customers. *Id.* Defendants fail to identify any evidence that would rebut any aspect of Plaintiff's case or make any argument that Plaintiff's evidence leaves any factual controversies to be resolved at trial.

Instead, Defendants assert the affirmative defenses of settlement, accord and satisfaction, res judicata, collateral estoppel, and laches. Def. MSJ Resp. at 2-3, ¶¶ 2-3. Defendants contend that Plaintiff previously sued the Restaurant and Cristina Lopez for similar violations of the FCA in connection with the alleged unauthorized interception of a similar program, *J & J Sports Productions, Inc. v. Lopez et al.*, Civil Action No. 3:10-cv-01722-N (N.D. Tex.) (the "Prior Lawsuit"). According to Defendants, the parties settled the Prior Lawsuit and entered into an

agreement mutually releasing each other from:

> any and all liabilities, actions, causes of action, suits, debts, dues, sums of money, bonds, executions, claims and/or demands, whether fixed or contingent, known or unknown and/or of any kind and/or nature whatsoever, which either Plaintiff or Defendant ever had, now has or may have, specifically limited to any claims Plaintiff or Defendant may have relevant to the allegations set forth in the pleadings filed at 3:10-CV-01722-N.

*Id*. Defendants contend that the release in the Prior Lawsuit is sufficiently broad in its scope to include the claims asserted against them in the instant lawsuit. Defendants, however, fail to submit an authenticated copy of the settlement agreement or any competent summary judgment evidence establishing the terms of such agreement. Even if the pertinent terms of the settlement agreement are as represented by Defendants, the release is "*specifically limited to any claims Plaintiff or Defendant may have relevant to the allegations set forth in the pleadings filed at 3:10-CV-1722-N*" and would not be broad enough to encompass the claims asserted in this case. *Id.* (emphasis added). The Prior Lawsuit was limited solely to Defendants' allegedly unauthorized broadcast of the Pacquaio v. Clottey fight on March 3, 2010. *See* Civil Action No. 3:10-cv-01722-N, Doc. 1 at 3, ¶ 16.

Plaintiff's uncontroverted summary judgment evidence also establishes that Defendants Cristina Lopez and Jose Lopez are vicariously liable for the unauthorized broadcast of the Program. In order to establish vicarious liability, Plaintiff must show that each individual Defendant (1) had the right and ability to supervise the Restaurant's activities, and (2) a financial interest in those activities. *Mandell Family Ventures*, 2012 WL 4757694, at * 5; *J & J Sports Prods., Inc. v. Q Cafe, Inc.*, 3:10-CV-02006-L, 2012 WL 215282, at *4 (N.D. Tex. Jan. 25, 2012). Cristina Lopez and Jose Lopez have admitted both of these elements. *See* Def. Ans. at 2, ¶¶ 3-4; *see also* Plf. MSJ App. at

8

76-77, Req. for Adm. No. 26-30, 49; *id.* at 98-99, Req. for Adm. No. 26-30. Cristina Lopez and Jose Lopez further admit that they owned an alcohol license for the Restaurant on the date the Program was broadcast. Plf. MSJ App. at 77, Req. for Adm. No. 31-32; *id*. at 99, Req. for Adm. No. 31-32. Therefore, Cristina Lopez and Jose Lopez are responsible for the exhibition of the Program in the Restaurant and are jointly and severally liable to Plaintiff for damages. *Q Cafe*, 2012 WL 215282, at *4 (holding defendant responsible for broadcasting event at commercial establishment because she held liquor license for establishment); *Mandell Family Ventures*, 2012 WL 4757694, at * 5 (individual defendant vicariously liable for violation of FCA where he admitted being owner of establishment and having responsibility for establishment's activities).

Considering the deemed admissions and Plaintiff's unconverted summary judgment evidence, the Court finds no genuine issue of material fact as to whether Defendants, including Cristina Lopez and Jose Lopez individually, are liable for violating the FCA. Plaintiff is thus entitled to summary judgment. *See J & J Sports Prods., Inc. v. El 33, LLC*, No. EP-11-CV-519-KC, 2013 WL 164521, at *4 (W.D. Tex. Jan. 14, 2013) (granting summary judgment for plaintiff in case alleging violations of Section 553 and 605 of the FCA on basis of deemed admissions and defendants' failure to rebut summary judgment arguments). To the extent Defendants move for summary judgment on their defenses arising out of the alleged settlement agreement, they have failed to support their motion with any competent evidence and, thus, are not entitled to summary judgment on their cross motion.

**Damages**

Having established Defendants' liability for a violation of the FCA, Plaintiff is entitled to recover actual damages or statutory damages in a sum of "not less than $1,000 or more than $10,000,

as the court considers just," rather than actual damages.[1] *See* 47 U.S.C. § 605(e)(3)(C)(i)(I) & (II). Here, Plaintiff requests $10,000, the maximum amount of statutory damages. Plf. MSJ Br. at 13, ¶ 15. To calculate the reasonable amount of statutory damages under Section 605(e)(3)(C)(i)(II), a district court may triple the lawful sublicense fee to account for "money saved by not complying with the law, as well as any profits made from food and drink sales associated with customers who stayed and watched the fight." *El 33*, 2013 WL 164521, at *4 (citing *Joe Hand Promotions, Inc. v. Garcia*, 546 F.Supp.2d 383, 386 (W.D. Tex. 2008)). Plaintiff has submitted uncontroverted evidence demonstrating that its Program license fee for a commercial establishment with seating for up to 100 people was $2,200. Plf. MSJ App., Exh. A-3 at 24. Boroson estimated that the capacity of the Restaurant was 50 people. *Id.* Thus, Defendants would have paid $2,200 to Plaintiff for authorization to legally broadcast the Program in the Restaurant. Tripling this fee results in a total amount of $6,600, which the Court determines is a just award. *See El 33*, 2013 WL 164521, at *4 (awarding three times the amount of actual damages); *Garcia*, 546 F.Supp.2d at 386 (same).

Plaintiff further seeks an award under Section 605(e)(3)(C)(ii), which provides for enhanced damages where the FCA is violated "willfully and for purposes of direct or indirect commercial advantage or private financial gain." *See* 47 U.S.C. § 605(e)(3)(C)(ii). Defendants' admissions establish that their violation of the FCA was willful and for purposes of financial gain. *See* Plf. MSJ App. at 56-57, Req. for Adm. No. 41-42, 47; *id.* at 79, Req. for Adm. No. 44-45, 47; *id.* at 101, Req. for Adm. No. 44-45, 47. The record also establishes that Defendants' unauthorized broadcast of the Program is not the first time Defendants have violated the FCA. *Id.* at 58-59, Req. for Adm. No. 55-

---

[1] Plaintiff concedes that the remedies under Sections 553 and 605 are not cumulative, *see Mandell Family Ventures*, 2012 WL 4757694, at *4, and elects to proceed under Section 605. Plf. MSJ Br. at 1, ¶ 14 & n.9.

10

57; *id.* at 80-81, Req. for Adm. No. 56-58; *id*. at 102-03, Req. for Adm. No. 56-58. The Court therefore concludes that Defendants are liable for enhanced damages in the amount of $10,000. *See Garcia*, 546 F.Supp.2d at 386 (recognizing that the FCA does not require that enhanced damages impose "an insurmountable financial burden" and awarding $10,000 for willful violation); *see also El 33*, 2013 WL 164521, at *5 (same). This amount is sufficient to impress upon Defendants that a willful violation of the FCA will not be profitable.

### Injunctive Relief

Plaintiff also requests that the Court permanently enjoin Defendants, jointly and severally, from ever intercepting or exhibiting an unauthorized program in violation of the FCA. Indeed, courts are permitted to grant a final injunction "on such terms as it may deem reasonable to prevent or restrain violations" of the FCA. *See* 47 U.S.C. § 605(e)(3)(B)(I); *Q Cafe*, 2012 WL 215282, at *6. Defendants should therefore be enjoined from ever intercepting or exhibiting an unauthorized program in violation of the FCA.

### Attorney's Fees

Finally, Plaintiff is entitled to an award of attorney's fees. 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff requests attorney's fees equal to one third of the total damages awarded, which in this case would be $5,478 ($16,600 x .33). Plf. MSJ Br. at 22. Such an award would be excessive and unreasonable as it is disproportionate to the brief time Plaintiff's counsel spent working on this case. Instead, the Court will calculate the amount of the award based on the actual amount of time spent on the case and the hourly rate of $250.00. *Q Cafe*, 2012 WL 215282, at *6 (calculating reasonable award based on attorney's estimated hours and a billing rate of $250). Plaintiff's attorney estimated spending six hours on this litigation through the preparation of Plaintiff's Motion for Summary

Judgment. *See* Plf. MSJ App. at 30, ¶ 8. Thus, Plaintiff is entitled to $1,500 in attorney's fees.

## RECOMMENDATION

The Court recommends that the District Court GRANT Plaintiff's Motion for Summary Judgment (Doc. 12) and DENY Defendants' Counter-Motion for Summary Judgment (Doc. 13) and Defendants' Motion to Undeem Deemed Admissions (Doc. 14). The Court should award Plaintiff the following damages and fees, jointly and severally, against Defendants: (1) $6,600 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); (2) $10,000 in additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii); and (3) $1,500 in reasonable attorney's fees. The Court should further enjoin Defendants from ever intercepting or exhibiting an unauthorized program in violation of the FCA.

SO RECOMMENDED, July 3, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).